UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

ANDRE S. PENDERMON,              )
                                 )
    Plaintiff,                   )      Civil Action No. 5: 20-32-WOB
                                 )
v.                               )
                                 )
ERIC JONES, Jailer,              )      **OPINION AND ORDER**
                                 )
    Defendant.                   )

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Andre Pendermon has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

Pendermon alleges as follows. Pendermon is a detainee at the Montgomery County Detention Center in Mount Sterling, Kentucky. On December 20, 2019, he was taken to an eye doctor who examined him and wrote a prescription for eye glasses. Jailer Eric Jones directed that the prescription be placed in Pendermon's medical file, and told Pendermon that he would personally take him to get the prescription filled. When Pendermon still didn't have

---

[1] These statutes direct a district court to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When reviewing the plaintiff's complaint at this stage, the Court accepts all non-conclusory factual allegations as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). The Court therefore sets forth Pendermon's allegations as fact.

1

his glasses by January 6, 2020, he filed a grievance, but to date he has not received a response. Pendermon signed and filed his complaint on January 23, 2020, contending that Jones has failed to provide him with proper medical treatment and requesting that he be required to pay any portion of the cost for new glasses that Medicaid will not.

The Court liberally construes Pendermon's claim that Jones "fail[ed] to provide proper medical treatment" as a claim that he violated the Eighth Amendment, as this Court would lack subject matter jurisdiction to entertain a state law tort claim standing alone. When the government chooses to incarcerate a person it must generally bear the expenses incident to that incarceration, including the cost of providing all inmates with reasonably necessary medical care. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (holding that principles underlying the Eighth Amendment "establish the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met."). But "[t]his conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id*. at 105. Instead, the prisoner must show that prison officials acted with "deliberate indifference" to his "serious" medical needs. *Id*. at 106.

First, Pendermon makes no allegations at all about the effect that not having eye glasses has on his daily life, and thus fails to include allegations necessary to establish that his need for prescription eyeglasses was sufficiently "serious" to implicate the Eighth Amendment. Compare *Gray v. Stolle*, No. 3:11CV546, 2013 WL 4430919, at *3 (E.D. Va. Aug. 6, 2013) (inmate who was denied glasses stated a viable Eighth Amendment claim because he alleged that he had experienced "headaches and blurry vision" and had fallen down stairs and from the

top bunk); *Alexander v. Richter*, 756 F. App'x 611, 614 (7th Cir. 2018) ("A need for prescription glasses to avoid double vision and the loss of depth perception has been determined to be 'serious' and inconsistent with 'contemporary standards of decency.'") (citing *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996)). Second, Pendermon's allegations do not suggest that Jones has acted with "deliberate indifference" to his need for eye glasses, at least at this juncture. While an extended and unwarranted delay in filling the prescription might eventually support an Eighth Amendment claim, thirty days does not approach that threshold in the absence of clear evidence that it is medically necessary that the prescription be filled immediately. Cf. *White v. Corr. Corp. of America*, No. 3:13-CV-1437, 2014 WL 6871551, at *5 (M.D. Tenn. Dec. 5, 2014) (holding that four-month delay in receiving eye glasses failed to state Eighth Amendment claim); *Malone v. Mecrosvy*, No. 1: 16-CV-833, 2016 WL 7015832, at *3 (S.D. Ohio Oct. 19, 2016) (holding that eight-day delay in receiving glasses failed to state Eighth Amendment claim). Because Pendermon's allegations fail to state a viable claim under the Eighth Amendment, the Court must dismiss his complaint.

Accordingly, it is **ORDERED** as follows:

1. Andre Pendermon's complaint [R. 1] is **DISMISSED**, with prejudice.
2. This matter is **STRICKEN** from the active docket.
3. The Court will enter an appropriate Judgment.

This 30th day of January, 2020.



Signed By:
*William O. Bertelsman* WOB
United States District Judge